UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL HENRY                                                    CIVIL ACTION

VERSUS                                                           NO.  09-5620

UNITED STATES OF AMERICA                                         SECTION "N" (1)
INTERNAL REVENUE SERVICE

## ORDER AND REASONS

Before the Court are the following motions, all seeking the same relief:  (1) "Plaintiffs

Motion for Recusal of District Court Judge Kurt D. Engelhardt and Magistrate Judge Shushan for

Violation of 28 U.S.C. 455(a)" (Rec. Doc. No. 25, filed on October 13, 2009);  (2) "Plaintiffs

Motion for Recusal of District Court Judge Kurt D. Engelhardt and Magistrate Judge Shushan for

Violation of 28 U.S.C. 455(a)" (Rec. Doc. No. 49, filed on December 1, 2009);  (3) "Plaintiffs

Motion for Recusal of District Court Judge  Kurt D. Engelhardt for Violation of 28 U.S.C. 144"

(Rec. Doc. No. 50, filed on December 7, 2009);[1] and (4) "Plaintiffs Motion to file a supplemental

---

[1] Plaintiff's motion does not include the affidavit required by 28 U.S.C. §144.  Nor does the motion assert the personal bias or prejudice required for that statute.  *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).  To the contrary, the motion primarily urges legal rulings that were reviewed and affirmed on appeal by the Fifth Circuit and/or were rejected as part of the Fifth Circuit's consideration of Plaintiff's judicial misconduct complaints against the undersigned.  *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed. Appx. 429, 2008 WL 1976616 (5th Cir.); *see also In re* Judicial Complaint Nos. 07-05-351-0119 and 08-05-351-0003 (5th Cir. 2007).

1

Memorandum of law in Support of Plaintiffs motion to Recuse District Court Judge Kurt D. Engelhardt and Magistrate Judge Shushan for Violation of 28 U.S.C. 455(a)" (Rec. Doc. No. 52, filed on March 15, 2010). The Court rules as follows.

In the above-identified pleadings, the plaintiff, Michael Henry (hereafter "Henry"), seeks recusal of the undersigned, as well as the assigned magistrate judge, Sally Shushan, setting forth a series of scurrilous but false allegations against a number of people. Through a rambling discourse, including cut-and-paste excerpts from various documents, legal treatises, and other sources without context, Henry ultimately claims as grounds for recusal of the undersigned the following: that the undersigned judge "must recuse himself as he has violated multiple rules of professional conduct and withheld and participated in Obstruction of Justice, Tampering with Federal Evidence and is Guilty of Misprision of a Felony" (Rec. Doc. No. 49, p. 12). Plaintiff additionally asserts that the undersigned "ignored the Supreme Court and the Law because of Multiple Judicial Misconduct complaints filed by Henry. Further [the undersigned] made rulings with no basis of law and participated in the concealment of evidence tampering, Federal Tax Record Tampering, and [the undersigned] made rulings that are mathematically impossible decreasing Jury awards without a basis or reason other then his own Judicial Misconduct" (Rec. Doc. No. 52-1, p. 27). Henry's pleadings fail to identify any specific or general act by Magistrate Judge Shushan to warrant recusal, other than her alleged knowledge of and failure to report such grievous misdeeds.

The Court notes that the plaintiff's pleadings are not well organized in presentation, and at times are incomprehensible, digressing and descending into a series of *ad hominem* unfounded attacks and invectives against various persons, including attorneys and other persons who participated in his underlying tax litigation[2], and others who were not even involved. While the Court fully understands that Henry is a *pro se* litigant and not a trained attorney, it is noted that Henry, a college graduate, has availed himself of the litigation process on several occasions, both in this district and in others. In the underlying tax case alone, Henry was represented by no fewer than three attorneys at various times,[3] and represented himself, for better or worse. In any event, though the plaintiff is strongly advised that the assistance of counsel in this matter would be of great benefit to all involved, especially him, the undersigned will, in the meantime, attempt to decipher the precise grounds on which these motions are based.

As he often has in the past, Henry asserts that numerous individuals, including counsel for the Internal Revenue Service, and now others, have participated in a grand conspiracy to submit perjured testimony and falsified documents in connection with his claim for a refund, asserted in the underlying tax litigation. That matter, which was tried to a jury on December 4-5, 2006, resulted in a judgment dated April 30, 2007 (No. 02-968, Rec. Doc. No. 285). Plaintiff appealed that judgment to the United States Fifth Circuit Court of Appeals, wherein he again outlined and

---

[2]*Michael Henry v. United States of America, Internal Revenue Service,* No. 02-0968, 2010 WL 1293349 (E.D. La. March 29, 2010)(Engelhardt, J.).

[3]Henry was represented by these attorneys in succession: Brian A. Eddington, Kenner O. Miller, Jr. and Phillip W. Preis.

vigorously argued many of the same acts which he describes in the motions before the Court now.

Nonetheless, this Court's judgment was affirmed by the Fifth Circuit Court of Appeals on May 6,

2008. *See Henry v. United States of America, Internal Revenue Service*, No. 07-30581, 277 Fed.

Appx. 429, 2008 WL 1976616 (5ᵗʰ Cir.).[4]

Both before and since the Fifth Circuit's decision, Henry has commenced a series of other

actions,[5] all based to a large degree upon the alleged misconduct asserted in the subject motions.

In addition, Henry has filed at least two complaints of judicial misconduct with the Fifth Circuit

against the undersigned, all based on the same absurd allegations and all of which have been

reviewed without consequence,[6] much to Henry's chagrin. As best the Court can determine, Henry's

grounds for recusal in the subject motions are more of the same warmed-over allegations that

somehow the undersigned had knowledge of, and even participated in, alleged misconduct by

---

[4]Henry was also indicted on January 25, 2008, and by superseding indictment on March 14, 2008, for threatening to assault a United States District Judge with intent to impede, interfere with and retaliate against such judge while engaged in performance of his/her official duties, threatening to assault United States Department of Justice employees with intent to impede, interfere with and retaliate against them while engaged in performance of their official duties, and interference with administration of Internal Revenue laws, pursuant to 18 U.S.C. § 115 and 26 U.S.C. § 7212(a) respectively. *See United States v. Henry,* No. 08-19 (E.D. La.)(Vance, J.). Following entry of a guilty plea, Henry was sentenced to concurrent terms of imprisonment on counts one through four of the superseding indictment. Since his release from imprisonment, Henry has sought relief pursuant to 28 U.S.C. § 2255. In connection with that matter, Henry recently filed a Motion to Change Venue (Rec. Doc. No. 90), wherein he sets forth frivolous conspiracy theories, against even more people, including the undersigned, yet again.

[5]*See, e.g., Henry v. United States of America, et al.,* Nos. 09-2230, 09-1994, 07-4814, 07-4813, 06-7087 (N.D. Ill.); *Henry v. Gavin, et al.,* No. 07-5649 (N.D. Ill.); *Henry v. Gordon, et al.,* No. 07-5618 (N.D. Ill.).

[6] *In re* Judicial Complaint Nos. 07-05-351-0119 and 08-05-351-0003 (5th Cir. 2007).

attorneys involved in the underlying tax case, as well as other cases he filed in Chicago. Despite making such scurrilous allegations for over two years now, Henry has, not surprisingly, yet to produce evidence that any of the underlying conduct occurred, and no evidence whatsoever that the undersigned was aware of it, much less participated in it.

Thus, the Court **DENIES** these pending motions. Moreover, the plaintiff, Michael Henry, is strongly cautioned that repetitive filing of motions raising the same issues, based upon or asserting accusatory but frivolous allegations, and making unfounded attacks on numerous persons will, in the future, result in such pleadings being stricken from the record, the assessment of significant monetary sanctions against him, and dismissal of this action on those grounds alone.

New Orleans, Louisiana, this 6th day of May, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**